Tilghman, C. J.
The error assigned in this case, is, the rejection of certain parts of the deposition of George Thompson, a witness, examined in the court below, on the part of the plaintiff. The object of Thompson’s testimony was, to discredit a witness of the name of York Frever, who had been examined on the part of the defendant. The first interrogatory put to Thompson, was, “ Whether he knew the general character of Frever?” This was a very proper question, but the answer of the witness is admitted not to be evidence, because, instead of speaking to general character, he went into particulars. The second .interrogatory was, “ Have you ever heard, of others,whether he was a dishonest man, or bore a bad character:” Answer, “ I heard others say, he was a bad fellow.” The third interrogatory was, “Would you believe him on his oath?” Answer, “I could not place so much confidence in his testimony, as in that of a man of integrity.” The court would not permit the second and third interrogatories, with the answers to them, to be read to the jury.
The law on this subject, is accurately laid down in Kimmel v. Kimmel, 3 Serg. & Rawle, 336. In order to discredit a witness, you can examine only to his general character. The first interrogatory in this case, was strictly proper, and every thing that the witness could say, on the subject, might Have been said, in answer to it. But it was remarked by the plaintiff’s counsel, that witnesses do not always understand, what is meant by general character; and therefore, it is necessary to vary the question, so as to adapt it to their comprehension. That is true, and therefore, there is no impropriety in proposing the question in various forms, so that the substance, be retained. But you must never depart from general character. Now, what was done here? The first question pointed to general character in express terms. The second went to what was said by others. I think this was too narrow. It might be very true, that the witness had heard others speak ill of Frever, and yet that might not have been his general character. Two or three, are others. There are few men, of whom some do not speak well, and some evil. But the question is, what is said by people in general. That is the true point of inquiry, and every thing which stops short of it, is incorrect. As to the other question, “whether the witness would believe Frever on his oath,” a direct answer, would hot be objectionable, provided the belief was founded *200 on the witness’s knowledge of his general character, otherwise, it would be nothing to the purpose. It may happen, that a man may have knowledge of a particular fact, which would induce him to disbelieve another on his oath. But such a disbelief would not be evidence; because it would be to disparage the witness, not from his general character, but from a single fact, resting within the knowledge of an individual. In the case before us, however, the question is not answered. Thompson does not say, whether he would believe Frever on his oath or not, but only, that he would place less confidence in his testimony, than in that of a man of integrity. This is an evasion of the question, an equivocal answer. And moreover, from Thompson’s whole deposition, there is reason to think, that the want of confidence, expressed in his answer to the last question, was founded, not on Frever’s general character, but on his ill behaviour during three days, in which he had worked for Thomson, some time before. I am of opinion, therefore, that the Court of common Pleas decided right, in suppressing the second and third interrogatories, with the answers to them. The judgment is to be affirmed.
Judgment affirmed.